IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
LAFAYETTE TEXACO, INC.,      )
et al.,                      )
                             )
    Plaintiffs,              )
                             )      CIVIL ACTION NO.
    v.                       )       3:08cv406-MHT
                             )           (WO)
KEITH SMITH, et al.,         )
                             )
    Defendants.              )
```

OPINION AND ORDER

In this lawsuit, the disputes center on whether a fuel supplier met its obligations in regard to furnishing fuel to several gas stations. The plaintiffs are Staci and Mike McCullers, and Lafayette Texaco, Inc. (collectively referred to as "Lafayette"); The Village Mart at Southside, LCC (referred to as "Southside"); RM & JW, Inc. d/b/a Junction Citgo (referred to as "Junction"); Bridges Enterprises, Inc. d/b/a Bridges Travel Plaza (referred to as "Bridges"); and YPCB Fuel LLC d/b/a The Village Mart at Ogletree (referred to as "Ogletree"). The defendants are Moore Oil Company, Inc.

(referred to as "Moore Oil") and its employees Kevin Smith, Jason Janes, Mike Burch, and Mark Parish (collectively referred to as the "Moore Oil employees" or the "employees").

Moore Oil entered into contractual agreements with the plaintiffs to supply them with fuel.  The plaintiffs claim that, among other things, the defendants failed to provide all of the promised fuel, falsified invoices, and charged the stations for undelivered fuel. Based on these allegations, the plaintiffs assert the following claims against the defendants: a federal claim under the Racketeer Influenced and Corrupt Organizations Act (referred to as "RICO"), 18 U.S.C. §§ 1961-1968, and state-law claims for fraud, conversion, theft, negligent-and-wanton training and supervision, and breach of contract.  Jurisdiction is proper under 18 U.S.C. § 1964(c) (RICO), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1367 (supplemental).

Moore Oil has moved for a change of venue from the Middle District of Alabama to the United States District Court for the Northern District of Alabama as to Junction and to compel arbitration and strike jury demands as to all plaintiffs; the Moore Oil employees have not joined in the motion, nor has Moore Oil contended that the employees are subject to the motion.  For the reasons that follow, and as to Moore Oil only, the venue motion will be granted as to the claims brought by Junction; arbitration will be compelled as to the claims brought by Bridges and Ogletree; and the jury request will be struck as to the claims brought by Southside.

<u>Change of Venue</u>:  Junction's contract with Moore Oil provides that it "consents to the jurisdiction of any state or federal court located in Birmingham, Alabama and waives any objection Buyer may have based upon improper venue or forum non conveniens or to the conduct of any proceedings in any such court."  Def.'s Obj. Mot. Amend. Compl. Ex. 3.  Pursuant to this provision, Moore Oil asks

3

that the court transfer its dispute with Junction to the Northern District of Alabama, where Birmingham is located.

28 U.S.C. § 1404(a) authorizes a district court to transfer a civil action to any other district in which it might have been brought "for the convenience of parties and witnesses, in the interest of justice." Because federal courts afford deference to a plaintiff's choice of forum on a § 1404 motion, the burden is normally on the movant to show that the suggested forum is more convenient or that litigation there would be in the interest of justice.  In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989).

A choice of forum clause is "a significant factor that figures centrally in the District Court's calculus" in deciding a change of venue motion, Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988), and, "while other factors might conceivably militate against a transfer, ... the venue mandated by a

4

choice of forum clause rarely will be outweighed by other 1404(a) factors." In re Ricoh Corp., 870 F.2d at 573 (quotation marks and citation omitted). Accordingly, "when a motion under section 1404(a) seeks to enforce a valid, reasonable choice of forum clause, the opponent bears the burden of persuading the court that the contractual forum is sufficiently inconvenient to justify retention of the dispute." Id. The burden is therefore on Junction to demonstrate why this forum-selection clause should not be enforced.

Junction argues that the forum-selection clause in its contract with Moore Oil is merely a "consent to venue, not a choice of venue clause." Def.'s Obj. Mot. Amend. Compl. Ex. 3. Junction does not explain this distinction, and its argument is without merit. The language of the contract's clause is clear: both parties assented to Birmingham serving as the venue for any dispute arising out of the contract.

The venue for all of Junction's claims against Moore Oil will therefore be transferred to the United States District Court for the Northern District of Alabama. Whether Junction should be compelled to arbitrate its claims against Moore Oil and whether it is entitled to a jury trial in its dispute with Moore Oil are both matters for resolution after transfer.  Of course, because the Moore Oil employees have not joined in Moore Oil's motion, Junction's claims them against them will remain in this court.

<u>Arbitration</u>: The next issue is whether the remaining plaintiffs (Lafayette, Southside, Bridges, and Ogletree) should be compelled to arbitrate their claims against Moore Oil pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16.  Lafayette's contract with Moore Oil does not contain an arbitration provision. Def.'s Obj. Mot. Amend. Compl. Ex. 1.  Southside's contract contains the following provision:

> "27. Waiver of Jury, Arbitration and Proper Venue.   For purposes of

>arbitration or litigation of any cause of legal action arising from this Agreement, the Parties agree that the courts of Montgomery County, Alabama shall be the sole proper venue for such legal action and that the Courts for the State of Alabama and the United States sitting in Montgomery County, Alabama shall have sole jurisdiction of any such arbitration or legal action unless expressly agreed upon otherwise by the parties."

Def.'s Obj. Mot. Amend. Compl. Ex. 2. Bridges's contract contains the following provision:

>"27. Arbitration and Proper Venue. All claims, disputes or matters in questions between Dealer and Price Oil Inc. established hereby, shall be decided by arbitration in accordance with the applicable rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise.[1] The foregoing agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law."[2]

---

   1. Moore Oil assumed this agreement from Price Oil. The parties agree that the Price Oil fuel supply contracts, which Moore Oil assumed, govern Moore Oil's relationship with the respective dealer plaintiffs. Def.'s Mot. Compel Arbitration at 2.

   2. In its brief, Moore Oil mischaracterizes its
(continued...)

7

Def.'s Obj. Mot. Amend. Compl. Ex. 4. And Ogletree's contract contains this provision:

> "28. ARBITRATION. All disputes, claims, or controversies between Dealer and Price and/or any of Price's employees, arising from or relating to <u>this</u> Contract, the making of this Contract or the validity of this arbitration clause, shall be resolved by binding arbitration in accordance with the applicable arbitration rules of the American Arbitration Association then existing, unless the parties agree otherwise. This arbitration Contract is made pursuant to a transaction in interstate commerce, and shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1 ... The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort, fraud and property disputes, will be subject to binding arbitration in accord with this Contract."

Def.'s Obj. Mot. Amend. Compl. Ex. 5 (emphasis in original).

---

    2. (...continued)
contract with Bridges.  Moore Oil cites to Def.'s Obj. Mot. Amend. Compl. Ex. 4, p. 13 for Bridges's contract, but it does not cite the correct language of the contract found in that exhibit.

As a general matter of federal policy, "where [a] contract contains an arbitration clause, there is a presumption of arbitrability," AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 651 (1986) (citation omitted), and courts are required to "construe arbitration clauses generously, resolving all doubts in favor of arbitration." Ruby-Collins, Inc. v. City of Huntsville, Alabama, 748 F.2d 573, 576 (11th Cir. 1984). However, there are limits to this policy preference, as "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which she has not agreed so to submit." Steelworkers v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582 (1960). Accordingly, "the question whether the parties have submitted a particular dispute to arbitration, i.e., the 'question of arbitrability,' is 'an issue for judicial determination unless the parties clearly and unmistakably provide otherwise.'" Howsam v.

Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002) (quoting AT & T Technologies, Inc., 475 U.S. at 649).

The FAA makes enforceable a written arbitration provision in "a contract evidencing a transaction involving commerce." 9 U.S.C. § 2. The FAA provides that, "A party aggrieved by the alleged failure, neglect, or refusal of another party to arbitrate under a written agreement for arbitration may petition any United States district court ... for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C § 4. Furthermore, "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." Id.

In this case, Ogletree agrees that it is bound to arbitrate its dispute with Moore Oil. The question therefore remains as to only Bridges, Lafayette, and

Southside. Because Bridges's contract states that, "All claims, disputes or matters in questions ... shall be decided by arbitration," the record is clear that Bridges consented to arbitration with Moore Oil and thus is required to arbitrate its dispute.

Lafayette and Southside did not contractually agree to arbitration. Nonetheless, Moore Oil contends that they should be estopped from avoiding arbitration because their claims are "intimately founded in and intertwined with the underlying contract obligations [of the other plaintiffs]." Becker v. Davis, 491 F.3d 1292, 1299 (11th Cir. 2007). "Estoppel ... may bar a non-signatory from avoiding arbitration if the non-signatory relies on a contract containing an arbitration clause." World Rentals and Sales, LLC v. Volvo Const. Equipment Rents, Inc., 517 F.3d 1240, 1249 (11th Cir. 2008). Although it makes perfect sense, in terms of judicial economy, to arbitrate all of the plaintiffs' claims together because they bring identical claims against Moore Oil, Lafayette

11

and Southside each have their own contract with Moore Oil, and Moore Oil is entitled to arbitrate with only the stations that agreed to do so in contract.

Ogletree and Bridges will be compelled to arbitrate their claims against Moore Oil; Lafayette and Southside will not be compelled to arbitrate their claims against Moore Oil.  Of course, because the Moore Oil employees have not joined in Moore Oil's motion, Lafayette, Southside, Junction, Bridges, and Ogletree will not be compelled to arbitrate their claims against them.

<u>Waiver of Jury Trial</u>: The final issue is whether the remaining plaintiffs (Lafayette and Southside) have waived their right to a jury trial. Lafayette's contract with Moore Oil does not contain a waiver of jury demand. <u>See</u> Def.'s Obj. Mot. Amend. Compl. Ex. 1.  Southside, on the other hand, agreed in its contract with Moore Oil "to waive any and all right to trial by jury in the event any dispute between the parties shall not be arbitrated for

12

any reason." Def.'s Obj. Mot. Amend. Compl. Ex. 2. Indeed, Southside does not dispute this waiver.

Therefore, as requested, Southside's claims against Moore Oil will be heard in a bench trial. Because Lafayette maintains its jury-trial right, its claims against Moore Oil will be heard by jury. If Lafayette, Southside, Junction, Bridges, and Ogletree proceed to trial together, the court will empanel a jury to hear all their remaining claims against Moore Oil and its employees except for Southside's claims against Moore Oil, for which the court will sit simultaneously as the factfinder.

* * *

Accordingly, it is ORDERED that defendant Moore Oil Company, Inc.'s motion to transfer venue, compel arbitration, and strike jury demand (Doc. No. 52) is granted to the following extent only:

(1) Plaintiff RM & JW, Inc.'s (d/b/a Junction Citgo) claims against defendant Moore Oil Company, Inc. are

transferred to the United States District Court for the Northern District of Alabama.  The clerk of the court is to take appropriate steps to effect the transfer.  The claims brought by plaintiff RM & JW, Inc. (d/b/a Junction Citgo) against defendants Kevin Smith, Jason Janes, Mike Burch, and Mark Parish will remain in this court.

(2) Plaintiffs Bridges Enterprises, Inc. (d/b/a Bridges Travel Plaza) and YPCB Fuel LLC (d/b/a The Village Mart at Ogletree) are to arbitrate their claims against defendant Moore Oil Company, Inc.  All remaining claims brought by plaintiffs Staci and Mike McCullers, Lafayette Texaco, Inc., The Village Mart at Southside, LCC, RM & JW, Inc. (d/b/a Junction Citgo), Bridges Enterprises, Inc. (d/b/a Bridges Travel Plaza), and YPCB Fuel LLC (d/b/a The Village Mart at Ogletree) against defendants Moore Oil Company, Inc., Smith, Janes, Burch, and Parish in this litigation are not subject of arbitration.

(3) The claims brought by plaintiff Village Mart at Southside, LCC against defendant Moore Oil Co., Inc. are to proceed non-jury.  All remaining claims brought by plaintiffs Staci and Mike McCullers, Lafayette Texaco, Inc., The Village Mart at Southside, LCC, RM & JW, Inc. (d/b/a Junction Citgo), Bridges Enterprises, Inc. (d/b/a Bridges Travel Plaza), and YPCB Fuel LLC (d/b/a The Village Mart at Ogletree) against defendants Moore Oil Company, Inc., Smith, Janes, Burch, and Parish in this litigation are to proceed with a jury.

DONE, this the 19th day of February, 2010.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE